David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

LOUISVILLE/JEFFERSON COUNTY METRO GOVT.
527 WEST JEFFERSON STREET
LOUISVILLE, KY 40202



RECEIVED
SEP 21 2018
BY



# KCOJ eFiling Cover Sheet

Case Number: 18-CI-005400

Envelope Number: 1217295

Package Retrieval Number: 12172958922073@00000881731

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.19

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

| AOC-E-105   Sum Code: CI | | Case #: **18-CI-005400** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | County: **JEFFERSON Circuit** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* JORDAN, LARRY , ET AL VS. WEYER, JOSEPH, ET AL, *Defendant*

TO:  **LOUISVILLE/JEFFERSON COUNTY METRO GOVT.**
     **527 WEST JEFFERSON STREET**
     **LOUISVILLE, KY 40202**

Memo: Registered Agent of Service exists. Alternative Service Address exists.



RECEIVED SEP 2 1 2018 BY:

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **09/18/2018**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

Served By _____

Title _____

---

Summons ID: 12172958922073@00000881731
CIRCUIT: 18-CI-005400 Certified Mail
JORDAN, LARRY , ET AL VS. WEYER, JOSEPH, ET AL



Page 1 of 1

**eFiled**

Presiding Judge: HON. ANN BAILEY SMITH (630350)
Package: 000002 of 000014

Filed    18-CI-005400    09/18/2018    David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-          COMMONWEALTH OF KENTUCKY
                                                  JEFFERSON CIRCUIT COURT
                                                  DIVISION

NATALIE MALONE, Natural Mother and LARRY JORDAN,
Father and Administrator for the Estate of DEMONJHEA JORDAN     PLAINTIFFS

v.

JOSHUA WEYER,
Individually and in his Official Capacity
as Officer with the Louisville Metro Police Department, which is an agency of the
Louisville/Jefferson County Metro Government
    Serve:
        633 West Jefferson Street
        Louisville, Kentucky 40202

    Serve:  Greg Fischer, Mayor
        527 West Jefferson Street
        Louisville, Kentucky 40202

BENJAMIN DEAN,
Individually and in his Official Capacity
as Officer with the Louisville Metro Police Department, which is an agency of the
Louisville/Jefferson County Metro Government
    Serve:
        633 West Jefferson Street
        Louisville, Kentucky 40202

    Serve:  Greg Fischer, Mayor
        527 West Jefferson Street
        Louisville, Kentucky 40202

KODY DESPAIN,
Individually and in his Official Capacity
as Officer with the Louisville Metro Police Department, which is an agency of the
Louisville/Jefferson County Metro Government
    Serve:
        633 West Jefferson Street
        Louisville, Kentucky 40202

    Serve:  Greg Fischer, Mayor
        527 West Jefferson Street
        Louisville, Kentucky 40202

Presiding Judge: HON. ANN BAILEY SMITH (630350)
Package: 000003 of 000014

Filed            18-CI-005400   09/18/2018            David L. Nicholson, Jefferson Circuit Clerk

JOSEPH FOX,
Individually and in his Official Capacity
as Officer with the Louisville Metro Police Department, which is an agency of the
Louisville/Jefferson County Metro Government
   Serve:
       633 West Jefferson Street
       Louisville, Kentucky 40202

   Serve: Greg Fischer, Mayor
       527 West Jefferson Street
       Louisville, Kentucky 40202

AND

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT
   Serve: Greg Fischer, Mayor
   527 West Jefferson Street
   Louisville, Kentucky 40202                   DEFENDANTS

## COMPLAINT

1. The Plaintiff, Larry Jordan, the father and duly appointed administrator of the Estate of Demonjhea Jordan, is a citizen and resident of Jeffersonville, Indiana whose address is Jeffersonville, Clark County, Indiana.

2. Plaintiff, Natalie Malone, the mother of Demonjhea Jordan, is a citizen of Louisville, Jefferson County, Kentucky.

3. The Defendant, Joshua Weyer, was at all times relevant an Officer with the Louisville Metro Police Department, acting under color of state law, and acting within the scope of his employment with the Louisville Metro Police Department.

Filed            18-CI-005400   09/18/2018            David L. Nicholson, Jefferson Circuit Clerk

Filed        18-CI-005400   09/18/2018        David L. Nicholson, Jefferson Circuit Clerk

4. The Defendant, Benjamin Dean, was at all times relevant an Officer with the Louisville Metro Police Department, acting under color of state law, and acting within the scope of his employment with the Louisville Metro Police Department.

5. The Defendant, Kody Despain, was at all times relevant an Officer with the Louisville Metro Police Department, acting under color of state law, and acting within the scope of his employment with the Louisville Metro Police Department.

6. The Defendant, Joseph Fox, was at all times relevant an Officer with the Louisville Metro Police Department, acting under color of state law, and acting within the scope of his employment with the Louisville Metro Police Department.

7. The Defendant, Louisville Jefferson County Metro Government ("Louisville Metro"), was at all times relevant hereto a Kentucky consolidated city/county government with capacity to sue and be sued, and it was all at all times relevant hereto the employer of Defendants, Joshua Weyer, Benjamin Dean, Kody Despain and Joseph Fox.

8. The Louisville Metro Police Department is the agency/department/division of Louisville Metro through which Louisville Metro employed Defendants, Joshua Weyer, Benjamin Dean, Kody Despain and Joseph Fox. The Louisville Metro Police Department is not an entity capable of suing or being sued. Claims arising from the actions of the Louisville Metro Police Department are claims against Louisville Metro.

Filed 18-CI-005400 09/18/2018 David L. Nicholson, Jefferson Circuit Clerk

9. The Defendants, Joshua Weyer, Benjamin Dean, Kody Despain and Joseph Fox, may also be referred to as the "Officer Defendants."

10. Each of the claims asserted against the Officer Defendants are asserted against them in their individual capacity and their official capacity with Louisville Metro and the Louisville Metro Police Department, unless expressly stated otherwise.

11. All of the allegations set forth in this Complaint occurred in Jefferson County, Kentucky, and venue is therefore proper in this Court.

12. At all times herein the Officer Defendants were acting in their capacity as employees of Louisville Metro and the Louisville Metro Police Department, and to further the purposes and interest of each.

13. At all times herein the Officer Defendants were acting under color of state law and under the authority, directions and supervision of Louisville Metro and the Louisville Metro Police Department.

14. The Plaintiffs' damages are in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

15. This claim asserts state common law causes of action only. Although the Defendants' conduct violated the laws and constitution of both the Commonwealth of Kentucky and the United States, this Complaint does not assert any federal cause of action. References to the Defendants' violations of the United States Constitution are made solely for purposes of pleading that the Officer Defendants did not act in good faith and therefore are not entitled to qualified immunity under state law.

Filed 18-CI-005400 09/18/2018 David L. Nicholson, Jefferson Circuit Clerk

16. Although the amount in controversy in this Complaint exceeds the amount required to establish diversity jurisdiction in the United States District Court, the Defendants are all citizens of, and reside in, Kentucky. The incident occurred in Kentucky.

## FACTUAL ALLEGATIONS

17. On or about April 24, 2018, Demonjhea Jordan was walking down the street at the 400 block of 29th Street in Louisville, Kentucky.
18. At around 12:15 p.m. that afternoon the Officer Defendants arrived at the aforementioned address along with other officers of the Louisville Metro Police Department and made contact with Demonjhea Jordan.
19. During the encounter with Demonjhea Jordan the Officer Defendants fired their weapons at Demonjhea Jordan.
20. Upon encountering Mr. Jordan, the Officer Defendants immediately shot Mr. Jordan with their firearms without giving him any opportunity to comply with their instruction.
21. At the time the Officer Defendants shot Mr. Jordan, Mr. Jordan was not armed and did not possess any weapon of any type.
22. At the time the Officer Defendants shot Mr. Jordan, Mr. Jordan was attempting to comply with the Officer Defendants' multiple instructions.
23. At the time the Officer Defendants shot Mr. Jordan, Mr. Jordan had not used or threatened to use any force against any person.
24. At the time the Officer Defendants shot Mr. Jordan, there was no basis for the Officer Defendants or any other person to believe that Mr. Jordan posed a threat of serious bodily injury to any person.
25. At the time the Officer Defendants shot Mr. Jordan, Mr. Jordan had not failed to comply with any command of any law enforcement officer.
26. At the time the Officer Defendants shot Mr. Jordan, Mr. Jordan had not resisted or threatened to resist arrest, or resisted or threatened to resist any use of force against him.

Filed                18-CI-005400   09/18/2018         David L. Nicholson, Jefferson Circuit Clerk

27. The force that the Officer Defendants used against Mr. Jordan was not necessary or reasonably believed to be necessary to effectuate an arrest of Mr. Jordan.

28. The force that the Officer Defendants used against Mr. Jordan was greater than necessary or than reasonably believed to be necessary to accomplish the law enforcement objectives of the Officer Defendants.

## COUNT I - ASSAULT

29. All prior paragraphs are incorporated by reference.

30. The actions of the Officer Defendants constituted unlawful acts, which placed Demonjhea Jordan in reasonable apprehension of receiving an immediate battery.

31. The Officer Defendants were not justified in their actions and they were not permitted under Kentucky or federal law.

32. At all times relevant hereto, Mr. Jordan possessed a right under the laws of Kentucky, the Kentucky Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution to be free from a deprivation of his life, liberty or property without due process of law.

33. Under color of law, the Officer Defendants violated Mr. Jordan's rights, privileges, and/or immunities secured by the laws of Kentucky, the Kentucky Constitution, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by: (a) conducting an unlawful and unreasonable seizure of Mr. Jordan and his person; (b) by unlawfully seizing Mr. Jordan and holding him against his will; (c) threatening to use unreasonable and excessive force against Mr. Jordan without legal right or justification.

34. The conduct of the Officer Defendants violated Mr. Jordan's clearly established constitutional rights of which a reasonable officer would have known.

Filed                18-CI-005400   09/18/2018         David L. Nicholson, Jefferson Circuit Clerk

35. The conduct of the Officer Defendants constituted a reckless and/or callous indifference to Mr. Jordan's state and federally protected rights.

36. As a direct and proximate cause of the foregoing violations, Mr. Jordan suffered actual and consequential damages, medical bills, indignity, loss of civil rights, compulsion, mental and physical pain and suffering, emotional distress and anguish, embarrassment, humiliation, and permanent injury, and Mr. Jordan's estate is entitled to compensation for all of the foregoing as well as punitive damages, and costs.

37. The actions of Officer Defendants in assaulting Mr. Jordan justify an award of punitive damages against Defendants.

38. Louisville Metro is vicariously liable for the actions of the Officer Defendants, as well as directly liable for its failure to prevent such actions through proper training and supervision.

## COUNT II - BATTERY

39. All prior paragraphs are incorporated herein.

40. Without the consent of Demonjhea Jordan, the Officer Defendants intentionally, harmfully, and offensively touched Demonjhea Jordan as described above.

41. The Officer Defendants were not justified in their actions and they were not permitted under Kentucky or federal law.

42. At all times relevant hereto, Demonjhea Jordan possessed a right under the laws of Kentucky, the Kentucky Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution to be free from a deprivation of his life, liberty or property without due process of law.

43. Under color of law, the Officer Defendants violated Demonjhea Jordan's rights, privileges, and/or immunities secured by the laws of Kentucky, the Kentucky Constitution, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by: (a)

Filed 18-CI-005400 09/18/2018 David L. Nicholson, Jefferson Circuit Clerk

conducting an unlawful and unreasonable seizure of Demonjhea Jordan and his person; (b) by unlawfully seizing Demonjhea Jordan and holding him against his will; (c) threatening to use unreasonable and excessive force against Demonjhea Jordan without legal right or justification.

44. The conduct of the Officer Defendants violated Demonjhea Jordan's clearly established constitutional rights of which a reasonable officer would have known.

45. The conduct of the Officer Defendants constituted a reckless and/or callous indifference to Demonjhea Jordan's state and federally protected rights.

46. As a direct and proximate cause of the foregoing violations, Demonjhea Jordan suffered actual and consequential damages, medical bills, indignity, loss of civil rights, compulsion, mental and physical pain and suffering, emotional distress and anguish, embarrassment, humiliation, and permanent injury, and the Estate of Demonjhea Jordan is entitled to compensation for all of the foregoing as well as punitive damages, and costs.

47. The actions of the Officer Defendants in battering Demonjhea Jordan justify an award of punitive damages.

48. Louisville Metro is vicariously liable for the actions of the Officer Defendants, as well as directly liable for its failure to prevent such actions through proper training and supervision.

## COUNT III – EXCESSIVE FORCE

49. All prior paragraphs are incorporated herein.

50. Without the consent of Demonjhea Jordan, the Officer Defendants intentionally, harmfully, and offensively touched Demonjhea Jordan as described above.

51. The Officer Defendants were not justified in their actions and they were not permitted under Kentucky or federal law.

Filed 18-CI-005400 09/18/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-005400   09/18/2018          David L. Nicholson, Jefferson Circuit Clerk

52. At all times relevant hereto, Demonjhea Jordan possessed the right under the laws of Kentucky, the Kentucky Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution to be free from a deprivation of his life, liberty or property without due process of law.

53. Under color of law, the Officer Defendants violated Demonjhea Jordan's rights, privileges, and/or immunities secured by the laws of Kentucky, the Kentucky Constitution, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by: (a) conducting an unlawful and unreasonable seizure of Demonjhea Jordan and his person; (b) by unlawfully seizing Demonjhea Jordan and holding him against his will; (c) threatening to use unreasonable and excessive force against Demonjhea Jordan without legal right or justification; and (d) using unreasonable and excessive force against Demonjhea Jordan without legal right or justification.

54. The conduct of the Officer Defendants violated Demonjhea Jordan's clearly established constitutional rights of which a reasonable officer would have known.

55. The conduct of the Officer Defendants constituted a reckless and/or callous indifference to Demonjhea Jordan's state and federally protected rights.

56. As a direct and proximate cause of the foregoing violations, Demonjhea Jordan suffered actual and consequential damages, medical bills, indignity, loss of civil rights, compulsion, mental and physical pain and suffering, emotional distress and anguish, embarrassment, humiliation, injury and death, and the Estate of Demonjhea Jordan is entitled to compensation for all of the foregoing as well as punitive damages, and costs.

57. The actions of the Officer Defendants in battering Demonjhea Jordan justify an award of punitive damages.

Filed          18-CI-005400   09/18/2018          David L. Nicholson, Jefferson Circuit Clerk

Filed    18-CI-005400    09/18/2018    David L. Nicholson, Jefferson Circuit Clerk

58. Louisville Metro is vicariously liable for the actions of the Officer Defendants, as well as directly liable for its failure to prevent such actions through proper training and supervision.

**COUNT IV - NEGLIGENCE**

59. All prior paragraphs are incorporated by reference.
60. The Officer Defendants owed a duty of care to Demonjhea Jordan to act as a reasonably prudent police officer in their interactions with him.
61. The Officer Defendant breached the duty of care by utilizing unauthorized and unnecessary deadly force against him without legal right or justification. Additional breaches of the duty of care are anticipated to be identified as the case develops.
62. The Officer Defendants' breach of the duty of care caused Demonjhea Jordan to suffer grave bodily injury and death.
63. The Officer Defendants' were not justified in their actions and they were not permitted under Kentucky or federal law.
64. At all times relevant hereto, Demonjhea Jordan possessed a right under the laws of Kentucky, the Kentucky Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution to be free from a deprivation of his life, liberty or property without due process of law.
65. Under color of law, the Officer Defendants violated Demonjhea Jordan's rights, privileges, and/or immunities secured by the laws of Kentucky, the Kentucky Constitution and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, by: (a) conducting an unlawful and unreasonable seizure of Demonjhea Jordan and his person; (b) by unlawfully seizing Demonjhea Jordan and holding him against his will; (c) threatening to use unreasonable and excessive force against Demonjhea Jordan without legal right or justification.

Filed    18-CI-005400    09/18/2018    David L. Nicholson, Jefferson Circuit Clerk

66. The conduct of the Officer Defendants violated Demonjhea Jordan's clearly established constitutional rights of which a reasonable officer would have known.
67. The conduct of the Officer Defendants constituted gross negligence, willful misconduct and reckless and/or callous indifference to Demonjhea Jordan's safety and state and federally protected rights.
68. As a direct and proximate cause of the foregoing violations, Demonjhea Jordan suffered actual and consequential damages, medical bills, indignity, loss of civil rights, compulsion, mental and physical pain and suffering, emotional distress and anguish, embarrassment, humiliation and permanent injury, and the Estate of Demonjhea Jordan is entitled to compensation for all of the foregoing as well as punitive damages and costs.
69. The actions of the Officer Defendants justify an award of punitive damages under Kentucky law.
70. Louisville Metro is vicariously liable for the actions of the Officer Defendants, as well as directly liable for its failure to prevent such actions through proper training and supervision.

## COUNT V - WRONGFUL DEATH CLAIM

71. All prior paragraphs are incorporated by reference.
72. Demonjhea Jordan was pronounced dead on April 24, 2018.
73. The wrongful death of Demonjhea Jordan was proximately caused by the willful and wanton of Officer Defendants in violation of KRS 411.130.
74. Officer Defendants wrongful conduct was the direct and proximate cause of injury and damage to Demonjhea Jordan and his Estate.
75. The Estate has incurred medical, funeral and burial expenses as a proximate result of his wrongful death

Filed        18-CI-005400   09/18/2018        David L. Nicholson, Jefferson Circuit Clerk

**WHEREFORE,** Plaintiffs respectfully demand judgment against Defendant as follows:

1. For judgment entered against Defendants on each claim asserted;
2. For actual, special, punitive and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum;
3. For the Plaintiffs' costs herein expended; and
4. For any other relief to which the Plaintiffs may be entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiffs as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

RESPECTFULLY submitted this 18th day of September 2018.

/s/ Brandon J. Lawrence
BRANDON J. LAWRENCE
Law Office of Brandon J. Lawrence
101 North Seventh Street
Louisville, KY 40202
Telephone: (502) 996-7735
Facsimile: (502) 996-7796
E-mail: Brandon@lawyerforthecity.com

Filed        18-CI-005400   09/18/2018        David L. Nicholson, Jefferson Circuit Clerk