UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATALIE MALONE and
LARRY JORDAN, Father and Administrator
for the Estate of Demonjhea Jordan,                              Plaintiffs,

v.                                                    Civil Action No. 3:18-cv-638-DJH-RSE

JOSHUA WEYER et al.,                                             Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Natalie Malone and Larry Jordan allege that their son, Demonjhea Jordan, was unlawfully shot and killed by officers of the Louisville Metro Police Department. (Docket No. 1-2) Defendant Louisville/Jefferson County Metro Government removed the case from Jefferson Circuit Court, invoking this Court's federal-question jurisdiction on the ground that Plaintiffs allege violations of the U.S. Constitution.[1] (D.N. 1, PageID # 1) Louisville Metro then moved to dismiss the complaint for failure to state a claim. (D.N. 6) In response, Plaintiffs argued that they did not assert any federal claims. (D.N. 7) Soon thereafter, Plaintiffs filed a motion to remand, seeking reimbursement of their costs and expenses incurred in connection with removal. (D.N. 9) Plaintiffs have since moved for leave to amend their complaint to add a claim of intentional infliction of emotional distress. (D.N. 19) Because no federal question is presented in this case, the Court will grant Plaintiffs' motion to remand and deny the remaining motions as moot. The Court will also grant Plaintiffs' request for fees for the reasons explained below.

---

[1] The other defendants had not yet been served. (*See* D.N. 1, PageID # 1)

1

I.

Plaintiffs' complaint alleges that Defendants Joshua Weyer, Benjamin Dean, Kody Despain, and Joseph Fox, as LMPD officers and Louisville Metro employees, shot and killed Demonjhea Jordan without warning or justification. (D.N. 1-2, PageID # 9-13) Plaintiffs assert claims of assault, battery, excessive force, negligence, and wrongful death. (*Id.*, PageID # 13-18) Although the complaint alleges under each of the first four claims that the Officer Defendants violated Demonjhea Jordan's Fourth, Fifth, and Fourteenth Amendment rights, it also states that Plaintiffs intend to "assert[] state common law claims only" and that the "[r]eferences to the Defendants' violations of the United States Constitution are made solely for purposes of pleading that the Officer Defendants did not act in good faith and therefore are not entitled to qualified immunity under state law." (*Id.*, PageID # 11; *see, e.g.*, D.N. 1-2, PageID # 13 (alleging that Demonjhea Jordan had a right under the U.S. and Kentucky Constitutions "to be free from a deprivation of his life, liberty or property without due process of law"; that the Officer Defendants violated those rights; and that "[t]he conduct of the Officer Defendants violated Mr. Jordan's clearly established constitutional rights of which a reasonable officer would have known"); *see also id.*, PageID # 14-18 (same)) Nevertheless, Defendants maintain that the complaint presents a federal question giving rise to subject-matter jurisdiction. (D.N. 13)

II.

**A.    Remand**

In general, a case may be removed to federal court if it falls within the Court's original jurisdiction. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1441(a). The Court has federal-question jurisdiction where "(1) the plaintiff[s'] cause of action is created by federal law[;]

(2) 'some substantial, disputed question of federal law is a necessary element . . . of the well-pleaded state claim[';] or (3) the 'claim is "really" one of federal law.'" *City of Warren*, 495 F.3d at 286 (internal citations omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8-9, 13 (1983)). The fact that a case will likely involve a defense raising issues of federal law cannot serve as the basis for removal, "even if the defense is anticipated in the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd.*, 463 U.S. at 14)); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007) ("Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." (quoting *Franchise Tax Bd.*, 463 U.S. at 10)). Nor is it relevant that the facts alleged could also support a federal claim; "[t]he party who brings a suit is master to decide what law he will rely upon." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)); *see also Loftis v. UPS*, 342 F.3d 509, 515 (6th Cir. 2003) ("Generally, a state law claim cannot be 'recharacterize[d]' as a federal claim for the purpose of removal." (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987))). The Sixth Circuit has instructed that "[a] reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

According to Defendants, "the crux of Plaintiffs' Complaint is that Mr. Jordan was unlawfully killed by the Defendant Officers in violation of his constitutional rights to be free from an unreasonable search and seizure and deprivation of life, liberty, or property without due process

of law," and "[b]ecause it is alleged that the Officer Defendants used greater force than necessary or reasonably believed to be necessary, the Complaint rests on a federal question." (D.N. 13, PageID # 125) Defendants do not address Plaintiffs' explicit attempt to limit their claims to state law, except to declare it "irrelevant." (D.N. 13, PageID # 125)

Whether the Officer Defendants knowingly violated Demonjhea Jordan's rights is relevant for purposes of qualified official immunity under Kentucky law, however. "To defeat qualified official immunity, the plaintiff must establish that the defendant's 'act was not performed in good faith.'" *Scheffler v. Lee*, 752 F. App'x 239, 244 (6th Cir. 2018) (quoting *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). And

> [t]o show that a peace officer acted in bad faith when making an on-the-spot judgment call, the complainant must demonstrate that the officer "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate" the complainant's rights or that the officer "took the action with the malicious intention to cause a deprivation of constitutional rights or other injury."

*Id.* (quoting *Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. Ct. App. 2007)). "Thus, the qualified official immunity analysis under Kentucky law 'tracks the inquiry for objective reasonableness and qualified immunity' under federal law." *Id.* (quoting *Woodcock v. City of Bowling Green*, 679 F. App'x 419, 425 (6th Cir. 2017)).

Read in context, then, Plaintiffs' allegations that the Officer Defendants knowingly violated Demonjhea Jordan's constitutional rights do not state a federal cause of action. *See Warthman*, 549 F.3d at 1063. Rather, Plaintiffs were "free to choose whether to rely on state or federal law," *City of Warren*, 495 F.3d at 287, and as evidenced by the disclaimer in paragraph 15 of the complaint, they chose state law. Their causes of action—assault, battery, excessive force, negligence, and wrongful death—are not "created by federal law"; nor do those claims contain, as

4

a "necessary element," "some substantial, disputed question of federal law."[2]  *Id.* at 286 (citation omitted); *see Rivet*, 522 U.S. at 475.  And there is nothing to suggest that any of Plaintiffs' claims "is 'really' one of federal law."  *City of Warren*, 495 F.3d at 286 (citation omitted).  As noted by the Kentucky Supreme Court (in a case cited by Defendants), a plaintiff who alleges police misconduct may bring a "traditional tort action[]" under state law.  *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 538 (Ky. 2011).  Here, Plaintiffs have done just that, asserting clearly labeled state-law claims and explaining the complaint's constitutional references in a manner consistent with Kentucky law.  In sum, the complaint does not present a federal question.  The Court therefore lacks subject-matter jurisdiction and must remand the case.  *See* 28 U.S.C. § 1447(c).

**B.     Fees and Costs**

Pursuant to § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  An award under § 1447(c) is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal"; if "an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).  "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case."  *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015).  "[U]nusual circumstances," such as "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction," may "warrant a

---

[2] To the extent Defendants suggest that a claim of excessive force may only be asserted under federal law, they are incorrect: the Kentucky Supreme Court has recognized a cause of action for excessive force where a police officer (1) "ha[d] reasonable grounds for making the arrest but used more force than was necessary"; or (2) "only used necessary force in effecting the arrest but there were, in fact, no reasonable grounds for the arrest."  *Dunn v. Felty*, 226 S.W.3d 68, 74 (Ky. 2007) (citing *Lexington-Fayette Urban Cty. Gov't v. Middleton*, 555 S.W.2d 613, 618-19 (Ky. Ct. App. 1977)).

5

departure from the [objectively-reasonable-basis] rule in a given case." *Martin*, 546 U.S. at 141. The Court is aware of no unusual circumstances here, and removal of this case was objectively unreasonable under Sixth Circuit law.

As masters of their complaint, Plaintiffs were "fully entitled" to assert exclusively state-law claims, and they "took great care" to do so. *Warthman*, 549 F.3d at 1063 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)); *see also Eastman*, 438 F.3d at 550 ("Since the plaintiff is the 'master of his complaint,' the fact that a claim could be stated under federal law does not prevent him from stating it under state law only." (citing *Alexander*, 13 F.3d at 943)). The complaint expressly states that it "asserts state common law causes of action only," then reiterates: "[*T*]*his Complaint does not assert any federal cause of action*." (D.N. 1-2, PageID # 11 (emphasis added)) Inclusion of such disclaimers "is an excellent practice" that the Sixth Circuit has "strongly encourage[d]" as a way to "avoid[] the procedural delay and expense of removal and remand." *Warthman*, 549 F.3d at 1063. Here, the disclaimer was followed by a logical legal explanation for the complaint's references to federal law. (D.N. 1-2, PageID # 11) Further, although Louisville Metro purportedly read the complaint as asserting a right to relief under 42 U.S.C. § 1983 (*see* D.N. 6-1), "[s]ection 1983 was not mentioned anywhere in [Plaintiffs'] complaint."[3] *Warthman*, 549 F.3d at 1062. If nothing else, "the omission of a reference to § 1983 in a carefully drafted complaint filed by [plaintiffs] represented by counsel should have provided [Louisville Metro] with notice" that the constitutional references "w[ere] not intended to raise a federal cause of action." *Id.* at 1063. And if, despite all these indications, Louisville Metro still "ha[d] a legitimate doubt as to whether [Plaintiffs'] complaint raise[d] a federal cause of action,"

---

[3] Conveniently, after removing the case on this ground, Louisville Metro moved to dismiss it for failure to state a claim under § 1983. (*See* D.N. 6-1, PageID # 33-34)

nothing prevented the city "from simply contacting the plaintiff[s] and requesting a written confirmation that only state-law claims are being asserted." *Id.* at 1064.

Yet Louisville Metro ignored Plaintiffs' numerous efforts to limit their claims and apparently did not bother to seek clarification. There is no evidence that Plaintiffs sought to impede the jurisdictional determination; on the contrary, they could not have made their intentions clearer. Meanwhile, the few cases cited by Louisville Metro in opposing remand involved the viability of claims expressly asserted under § 1983, not whether a plaintiff who deliberately asserts only state-law claims should nonetheless be forced to litigate in federal court.[4] (*See* D.N. 13, PageID # 124-25 (citing *Tennessee v. Garner*, 471 U.S. 1 (1985); *Baker v. McCollan*, 443 U.S. 137 (1979); *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985)) On that point, Sixth Circuit precedent is clear: where both federal and state claims are available, a plaintiff may choose to assert only the latter without giving rise to federal-question jurisdiction. *See Warthman*, 549 F.3d at 1063 ("[Plaintiffs'] freedom to choose state law . . . would be significantly undermined by a rule that granted defendants the freedom to safely second guess a plaintiff's decision and remove to federal court on the basis of claims that could have been pled, but were not." (citing *Alexander*, 13 F.3d at 943)). Under these circumstances, removal was objectively unreasonable, and Plaintiffs are entitled to an award of fees and costs.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

---

[4] The exception is *American Synthetic Rubber Corp. v. Louisville & Nashville Railroad Co.*, 291 F. Supp. 723 (W.D. Ky. 1967), a nonbinding, decades-old decision that deals with the preemptive effect of a particular federal statute regulating interstate carriers. *See id.* at 725-26.

**ORDERED** as follows:

(1) Plaintiffs' motion to remand (D.N. 9) is **GRANTED**. This matter is **REMANDED** to Jefferson Circuit Court. The motion to dismiss (D.N. 6) and motion for leave to amend (D.N. 19) are **DENIED** as moot.

(2) Plaintiffs' request for fees and costs is likewise **GRANTED**. Within **ten (10) days** of entry of this Order, Plaintiffs shall submit documentation of the costs and expenses, including attorney fees, they incurred as a result of removal. Louisville Metro may file objections, if any, within **seven (7) days** thereafter.

July 5, 2019

**David J. Hale, Judge**
**United States District Court**